**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4989-18T1

ALLEN JONES,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted May 11, 2020 – Decided June 12, 2020

Before Judges Rothstadt and Moynihan.

On appeal from the New Jersey Department of Corrections.

Allen Jones, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Chanell Branch, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Allen Jones, an inmate at Northern State Prison, appeals from respondent the New Jersey Department of Corrections (DOC) final agency decision finding he committed prohibited act *.004, fighting with another person. See N.J.A.C. 10A:4-4.1(a)(2)(i). The DOC imposed sanctions of one hundred days administrative segregation, one hundred days loss of commutation time and one hundred days loss of recreation privileges. On appeal, Jones contends that the DOC's decision was contrary to "the sufficient credible evidence present in the record," and its factual conclusions were "so wide off the mark as to be manifestly mistaken giving rise to a sense of wrongness, in violation of due process, statute, and regulation." We affirm.

The charge against Jones arose from an incident that occurred on May 13, 2019, when he and another inmate engaged in an argument. According to Jones, the argument started when the other inmate accused Jones of "talking about him." That other inmate was joined by another inmate who placed his hands-on Jones, which led to Jones and the other inmate engaging in a spitting match. The other inmate then initiated the first strike against Jones and a physical altercation ensued. That led to other inmates getting involved and according to Jones he was "forced to defend himself."

As the fight escalated, other prisoners tried to prevent the two from fighting without success. Corrections officers on the scene ordered the inmates to cease fighting and when they ignored those directions, a "Code 33" was initiated that caused other officers to immediately appear at the scene and assist in breaking up of the fight and restraining the participants.

Based on these events, prison officials charged Jones and the other two inmates with committing the prohibited act. After the charge was drawn against Jones, he was served with it on the same day. After several postponements of the scheduled hearing, the matter was finally heard on May 29, 2019, before an institutional hearing officer.

At the hearing, Jones was provided with the benefit of counsel substitute. Jones pled not guilty to the charge and explained in his defense that he "was playing chess, two guys came on me for no reason. I had no choice but to fight back." In addition, counsel substitute argued that the other inmates came at Jones and he had no choice but to react.

Although offered the opportunity to call witnesses, Jones did not ask for any to appear. Significantly, at the hearing, Jones viewed with counsel substitute and the hearing officer a video from the prison's surveillance cameras that captured the entire incident.

3

At the conclusion of the hearing, the hearing officer determined that Jones was guilty of the charge. According to the hearing officer, Jones's assertion of self-defense was belied by the video footage. The hearing officer thereafter imposed sanctions.

Jones sought an administrative appeal from the hearing officer's determination. In his appeal, Jones asserted that the video footage depicted that he was defending himself and he alleged that additional footage was withheld that would have confirmed what happened. According to Jones, the hearing officer knew that he was not the initial aggressor. On June 7, 2019, the DOC upheld the hearing officer's findings and sanctions. This appeal followed.

Our review of an agency's determinations is limited. See In re Stallworth, 208 N.J. 182, 194 (2011). We will not reverse an administrative agency decision unless it is "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole." Stallworth, 208 N.J. at 194 (alteration in original). When determining whether an agency action is arbitrary, capricious or unreasonable, we consider: (1) whether the agency followed the law; (2) whether substantial evidence supports the findings; and (3) whether the agency "clearly erred" in applying the "legislative policies to the

facts." In re Carter, 191 N.J. 474, 482-83 (2007) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).

Although we afford deference to an administrative agency's determination, our review is not perfunctory and "our function is not to merely rubberstamp an agency decision." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010). We must "engage in a 'careful and principled consideration of the agency record and findings.'" Williams v. Dep't of Corr., 330 N.J. Super 197, 204 (App. Div. 2000) (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)). However, in our consideration, where video tape evidence is involved, we will defer to the agency's determination, as the fact finder, and not substitute our judgment for the agency's, unless its "factual findings are so clearly mistaken—so wide of the mark—that the interests of justice demand intervention." State v. S.S., 229 N.J. 360, 381 (2017); see also State v. McNeil-Thomas, 238 N.J. 256, 272 (2019).

We carefully reviewed the record and conclude Jones's arguments are without sufficient merit to warrant further discussion in a written opinion as there is "substantial" credible evidence, N.J.A.C. 10A:4-9.15(a), supporting the DOC's determination he committed the charged offense. R. 2:11-3(e)(1)(D). We note only that the hearing officer considered all the evidence presented and

5

determined that Jones's version of the events was not credible. We therefore find no basis to reject the DOC's acceptance of the hearing officer's factual finding that Jones engaged in impermissible fighting.

We reject Jones's contention that the DOC did not consider the evidence that, he claims, established he acted in self-defense. N.J.A.C. 10A:4-9.13(f) requires an inmate who "raise[s] self-defense to a prohibited act involving the use of force among inmates" to present evidence establishing six specific conditions. The regulation provides, in part, the following:

> [An] inmate claiming self-defense shall be responsible for presenting supporting evidence that shall include <u>each of the following conditions</u>:
>
> 1. The inmate was not the initial aggressor;
>
> 2. The inmate did not provoke the attacker;
>
> 3. The use of force was not by mutual agreement;
>
> 4. The use of force was used to defend against personal harm, not to defend property or honor;
>
> 5. The inmate had no reasonable opportunity or alternative to avoid the use of force, such as, by retreat or alerting correctional facility staff; and
>
> 6. Whether the force used by the inmate to respond to the attacker was reasonably necessary for self-defense and did not exceed the amount of force used against the inmate.

[N.J.A.C. 10A:4-9.13(f) (emphasis added).]

Even when an inmate presents evidence of self-defense, his contention is subject to further scrutiny. The hearing officer must then consider whether "any other condition or evidence that would cause the force that was used by the inmate to be deemed unreasonable, such as, but not limited to, any use of force that would interfere with or otherwise undermine the safe, secure or orderly operation of the correctional facility." N.J.A.C. 10A:4-9.13(g).

Here, the evidence Jones presented in support of his self-defense claim was deemed not credible, determined by the hearing officer to be belied by the video footage, and was insufficient under the regulation. Under the circumstances here, where Jones only argued that the video showed he did not initiate the fight, his contention alone does not satisfy his obligation under the regulation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4989-18T1